# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 15-59V
## Filed: February 19, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| THOMAS STEFFENS, as Personal, | \* | |
| Representative of the Estate of | \* | |
| WILLIAM K. WOLL, | \* | |
| | \* | |
| Petitioner, | \* | Joint Stipulation on Damages; |
| | \* | Influenza; |
| | \* | Guillain-Barre Syndrome ("GBS"); |
| SECRETARY OF HEALTH | \* | Death; |
| AND HUMAN SERVICES, | \* | Special Processing Unit ("SPU") |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Danielle Strait, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.*
*Camille Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On January 21, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleges that Mr. Woll suffered Guillain-Barre Syndrome (GBS) following his October 31, 2012 influenza vaccination and that his death from cardiac arrest was a further sequela of his vaccine-related injury. Petition at 1; Stipulation, filed 2/19/2016, ¶ 4. Petitioner further alleges that the vaccination was administered within the United States and that there has been no prior award or settlement of a civil action on behalf of Mr. Woll as a result of his alleged condition or his death. Petition at 2; Stipulation¶¶ 3, 5. "Respondent denies that the flu vaccine caused Mr. Woll's alleged GBS, any other injury, or his death " Stipulation, ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on February 19, 2016, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $328,000.00 in the form of a check payable to petitioner as legal representative of the Estate of William K. Woll**.  Stipulation, ¶ 8.  This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a).  *Id.*

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

THOMAS STEFFENS, as Personal
Representative of the Estate of
WILLIAM K. WOLL,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

No. 15-59V
Chief Special Nora Beth Dorsey
ECF

STIPULATION

    The parties hereby stipulate to the following matters:

    1. Thomas Steffens ("petitioner"), as the Personal Representative of the Estate of William K. Woll ("Mr. Woll"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mr. Woll's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

    2. Mr. Woll received the flu vaccine on October 31, 2012.

    3. The vaccine was administered within the United States.

    4. Petitioner alleges that as a result of receiving the flu vaccine, Mr. Woll suffered Guillain-Barré Syndrome ("GBS"). Mr. Woll died after suffering a cardiac arrest on January 22, 2013. Petitioner further alleges that Mr. Woll's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Woll as a result of his alleged condition or his death.

6. Respondent denies that the flu vaccine caused Mr. Woll's alleged GBS, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $328,000.00 in the form of a check payable to petitioner as legal representative of the Estate of William K. Woll. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of William K. Woll under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the Estate of William K. Woll. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of William K. Woll at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of William K. Woll upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity, and as the Personal Representative of the Estate of William K. Woll, on behalf of himself, the Estate, and Mr. Woll's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal

3

injuries to or death of Mr. Woll, resulting from, or alleged to have resulted from, the flu vaccine administered on October 31, 2012, as alleged in a Petition filed on January 21, 2015, in the United States Court of Federal Claims as petition No. 15-59V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Woll's alleged GBS, any other injury, or his death.

17. All rights and obligations of petitioner in his capacity as the Personal Representative of the Estate of William K. Woll shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

\

\

4

Respectfully submitted,

PETITIONER:

THOMAS STEFFENS

ATTORNEY OF RECORD FOR
PETITIONER:

DANIELLE A. STRAIT
MAGLIO CHIRSTOPHER & TOALE, PA
1775 Pennsylvania Avenue, NW
Suite 225
Washington, DC  20006
Tel: (941) 952-5242

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

NARAYAN NAIR, M.D.
Acting Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 08N146B
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

CAMILLE M. COLLETT
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098

DATE: February 19, 2016.

5