# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-0059V
Filed: November 7, 2016
TO BE PUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
THOMAS STEFFENS, as Personal     \*
Representative of the Estate of     \*
WILLIAM K. WOLL,     \*
    \*
         Petitioner,     \*
v.     \*    Attorneys' Fees and Costs;
    \*    Appropriate Hourly Rate;
SECRETARY OF HEALTH     \*    Special Processing Unit ("SPU")
AND HUMAN SERVICES,     \*
    \*
         Respondent.     \*
    \*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Danielle Strait, Maglio, Christopher and Toale, PA, (DC), Washington, DC, for petitioner.*
*Camille Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 21, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Mr. Woll suffered Guillain-Barré Syndrome (GBS) following his October 31, 2012 influenza vaccination and that his death from cardiac arrest was a further sequela of his vaccine-related injury. Petition at 1. On February 19, 2016, the undersigned issued a decision awarding $328,000.00 in compensation to petitioner based on the parties' stipulation. (ECF No. 35). Judgment entered on February 25, 2016. (ECF No. 37).

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 23, 2016, petitioner filed an unopposed motion requesting $13,508.70 in attorneys' fees and $1,264.10 in attorneys' costs for a total amount of $14,772.80. Motion for Attorneys' Fees and Costs ("Pet. Motion") at ¶ 2 (ECF No. 40). Petitioner also seeks $8,295.38 in attorneys' fees and costs to be paid to Donna Lee Roden, the attorney who re-opened Mr. Woll's estate and managed the compensation the Estate was awarded. *Id.* at ¶ 7. Petitioner incurred no out-of-pocket expenses.[3] Thus, petitioner seeks a total award in the amount of $23,068.18.

The undersigned reduces the amount of attorneys' fees requested for work performed by petitioner's counsel, Danielle Strait, in 2016 by $25.20 to reflect a reduction in her hourly rate from $306 to $300. The undersigned finds that no other reduction is warranted and awards a total amount of **$23,042.98**, representing **$13,483.50** in attorneys' fees, **$1,264.10** in attorneys' costs, and **$8,295.38** expended to re-open Mr. Woll's estate and manage the compensation paid under the Vaccine Program.

### I.    Legal Standard for Determining the Amount of Fees and Costs

Since petitioner was awarded compensation for her injury, she is entitled to an award of <u>reasonable</u> attorneys' fees and costs. § 15(e)(1) (emphasis added). As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is very significantly lower than the forum rate. *Avera*, 515 F.3d at 1349. If these two requirements are met, the *Davis* exception applies, and that petitioner's counsel is paid according to the local rate. *Id.*; *see Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Reasonable expert costs are calculated using the same lodestar method as is used

---

[3] In compliance with General Order #9, petitioner filed a signed statement indicating she incurred no out-of-pocket expenses. *See* Exhibit 23, filed as an Attachment to Pet. Motion. Additionally, in accordance with General Order #9, petitioner's counsel indicated in the motion for attorneys' fees and costs that petitioner incurred no out-of-pocket expenses. *See* Pet. Motion at ¶ 4.

when calculating attorneys' fees. *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). They are entitled to rely on their prior experience and, based on experience and judgment, may reduce the number of hours to an amount reasonable for the work performed. *Saxton*, 3 F.3d at 1521. A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson*, 24 Cl. Ct. at 484. She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

## II. Appropriate Amount of Attorneys' Fees and Costs

### A. Appropriate Hourly Rates

Petitioner seeks attorneys' fees in the amount of $13,508.70 which reflects the following hourly rates: $295 for work performed in 2014-15 and $306 for work performed in 2016 by petitioner's counsel, Danielle Strait, and $105 to $145 for work performed by various paralegals at petitioner's counsel's firm, Maglio, Christopher & Toale, PA ("the Maglio firm"). Exhibit 22 at 1-19, filed as an Attachment to Pet. Motion.

To support the hourly rates sought, petitioner has filed declarations from Ms. Strait, and Altom Maglio, the managing partner at his firm. *See* Exhibits 24-25, filed as Attachments to Pet. Motion.

#### 1. Hourly Rate for Petitioner's Counsel, Danielle Strait

According to Ms. Strait's declaration, she was admitted to practice in California in July 2010. Exhibit 24 at ¶ 2. Prior to that date, she worked as a law clerk at the Office of Special Masters, United States Court of Federal Claims ("OSM") for almost one year. *Id.* at ¶ 5. She continued to work at OSM until September 2012 when she left to join the Maglio firm. *Id.* at ¶¶ 5-6. Her practice consists primarily of Vaccine Program cases. *Id.* at ¶ 6. She is a member of the United States Court of Federal Claims Advisory Council Vaccine Committee and has presented CLE-accredited programs to the Vaccine Injured Petitioners Bar Association. *Id.* at ¶¶ 7, 9. As explained in Mr. Maglio's

declaration, Ms. Strait's rates were set by the law firm's fees committee in light of the court's recent decision in *McCulloch*.[4]  Exhibit 25 at ¶¶ 13-14.

In the *McCulloch* case, Special Master Gowen exhaustively examined the question of appropriate hourly forum rates in the Vaccine Program following the breakdown of respondent's long standing agreement with petitioner's counsel in that case.  *See McCulloch*, 2015 WL 5634323, at *3-4 (for background information regarding these events).  Special Master Gowen determined the appropriate rates for the attorneys at that firm but also established tiered ranges of appropriate forum rates based on years of legal experience.  The reasoning and hourly rates set in *McCulloch* have since been widely followed.

After discussing the potential approaches to setting a forum rate and reviewing cases and material from both within and without the Vaccine Program, Special Master Gowen concluded in *McCulloch* that the following factors should be considered when determining the appropriate hourly rate: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large. *McCulloch,* 2015 WL 5634323, at *17.  He calculated the following ranges for reasonable forum rates in Vaccine Program cases:

$350 to $425 per hour for attorneys with 20 or more years of experience;
$300 to $375 per hour for attorneys with 11 to 19 years of experience;
$275 to $350 per hour for attorneys with eight to ten years of experience;
$225 to $300 per hour for attorneys with four to seven years of experience; and
$150 to $225 per hour for attorneys with less than four years of experience.

*Id.* at *19.  Special Master Gowen noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases."  *Id*.  He added that an attorney's level of experience may be increased for legal work performed during law school such as an internship in the Vaccine Program or prior judicial clerkship, especially for attorneys with experience of less than four years.  *Id.*  The undersigned finds the *McCulloch* decision, which is extensively reasoned, to be highly persuasive and adopts its reasoning, as well as the above ranges, for the instant analysis.

Since Ms. Strait is located in the forum, Washington, D.C., she is unquestionably entitled to forum rates. Thus, it is only necessary to determine her years of experience and hourly rate within the appropriate range considering the factors described by Special Master Gowen.  Taking into consideration her time spent as a law clerk at OSM

---

[4] *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Although the parties in *McCulloch* did not seek review, much of the reasoning of the *McCulloch* decision was later examined approvingly in *Garrison v. Sec'y of Health & Human Servs.*, No. 14-762V, --- Fed. Cl. ---, 2016 U.S. Claims LEXIS 1274, (Fed. Cl. Aug. 17, 2016).

4

prior to her admittance to the California Bar, Ms. Strait's years of experience in 2014-16 is five to seven years. Thus, she falls within the same *McCulloch* range for all of her work in this case: $225 to $300 for attorneys with four to seven years of experience.

Petitioner requests a rate of $295 for Ms. Strait's work in 2014-15. Although close to the maximum amount, this rate is within the appropriate *McCulloch* range. Given Ms. Strait's extensive Vaccine Program experience and high quality legal work, the undersigned finds this rate is appropriate. Moreover, one of my colleagues recently awarded this same rate for work performed by Ms. Strait in 2012. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).

For work performed by Ms. Strait in 2016, petitioner has increased her 2014-15 rate by 3.7% to $306. As discussed in *McCulloch*, 3.7% is the amount that lawyer rates rose in 2013, according to the "Real Rate Report for 2014" ("RRR"). *McCulloch*, 2015 WL 5634323, at *9. In response to the request by the petitioners' counsel in *McCulloch* to re-examine their earlier agreement which based yearly rate increases solely on the Consumer Price Index ("CPI"), Special Master Gowen crafted the ranges of 2014-15 rates set forth in *McCulloch* after examining the results reached from adjusting rates awarded in earlier years to 2014 applying the CPI rate of growth and RRR rate of growth, 3.7%. *McCulloch*, 2015 WL 5634323, at *16, 16 n.32.

It is not unreasonable for petitioner to seek a slightly higher rate for Ms. Strait's work in 2016. However, the rate of $306 per hour is slightly greater than the maximum amount indicated for an attorney of Ms. Strait's level of experience on the *Attorneys' Forum Hourly Rate Fee Schedule: 2015-16* recently posted on the court's website. *See* http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf (last visited Nov. 3, 2016). The top rate for an attorney with Ms. Strait's level of experience is $300. *Id.* Thus, the undersigned finds a reduction in the rate sought for Ms. Strait for work performed in 2016 from $306 to $300 is warranted.

Considering Ms. Strait's skill, experience, quality of work, and reputation and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that the appropriate hourly rate for Ms. Strait's work performed in 2014-15 is $295 and in 2016 is $300.

### 2. Paralegal Rates

As indicated in Mr. Maglio's declaration, the paralegals who are Florida Registered Paralegals bill at a rate of $135 per hour, those who do not have this designation bill at a rate of $95 to $105, and paralegals working in the Washington, DC office bill at a rate of $145 per hour. Exhibit 25 at ¶¶ 22, 24-25. In this case, paralegal work was billed at a rate of $105, $135, and $145 depending upon the particular paralegal performing the work.

My colleague in *O'Neill* also addressed the issue of paralegal rates for the Maglio firm. *See O'Neill*, 2015 WL 2399211. The special master accepted all rates as reasonable, but the highest rate billed in that case was $135 per hour. 2015 WL 2399211, at *14.

The undersigned finds that the rates billed for paralegal work in this case are reasonable, and will compensate petitioner at those rates.

### B. Appropriate Amount of Costs

Petitioner seeks payment for costs totaling $1,264.10. *See* Exhibit 22. Petitioner has included the receipts or other documentation for the majority but not all of these costs.

"It is petitioners' burden to substantiate costs expended with supporting documentation such as receipts, invoices, canceled checks, etc." *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004). Special masters, however, have awarded compensation for costs without documentation when "satisfied that the costs incurred were related to the proceedings . . . and were reasonable." *Erickson v. Sec'y of Health & Human Servs.*, No. 96-361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also Ceballos*, 2004 WL 784910, at *13; *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *14-15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).

In this case, petitioner has failed to provide receipts for eight items, all under $50. Seven of the eight items, totaling $152.44, are for amounts paid to either Worldwide Express or FedEx. *See* Exhibit 22 (entries dated 1/30/15, 3/13/15, 4/20/15, 4/24/15, 5/5/15, 3/3/16, and 4/13/16). One entry in the amount of $15 is for the cost of CDs of medical records sent to the Court and respondent. See Exhibit 22 at 20 (entry dated 4/8/15). The total cost for these eight items is $167.44.

The undersigned finds the undocumented amounts in this case to be reasonable and related to the proceedings in this case. Petitioner is awarded the full amount of costs requested.

### C. Amount Sought for Probate Work

As part of her award, petitioner seeks $8,295.38 in attorneys' fees and costs to be paid to Donna Lee Roden, the attorney who re-opened Mr. Woll's estate and managed the compensation the Estate was awarded. It is well established that conservatorship expenses are compensable when the establishment of a conservatorship is a condition of the stipulated or proffered award of damages. *Sucher v. Sec'y of Health & Human Servs.*, 2012 WL 1030028, at *2 (Fed. Cl. Spec. Mstr. Mar. 2, 2012). In contrast, these expenses would not be compensable if incurred "not at respondent's insistence as a condition of settlement, but rather at petitioner's own election." *Id.* As noted in an earlier case dealing with this same issue, for years, such

costs have been compensated "utilizing a 'but for' test." *Thomas v. Sec'y of Health & Human Servs.*, 1997 WL 74664, at *3 (Fed. Cl. Spec. Mstr. Feb. 3, 1997).

In this case, petitioner seeks reimbursement for probate costs rather than costs of establishing a conservatorship, but the same "but for" test applies. Petitioner was required to incur these costs in order to manage the award received under the Vaccine Program. Thus, the undersigned finds it is appropriate to compensate petitioner for these costs.

Furthermore, the undersigned has examined the billing records submitted by Ms. Roden and determines the amount requested for fees and costs to be reasonable. Petitioner is awarded the full amount requested for Ms. Roden's services, $8,295.38.

### D. Amount Deducted

Petitioner billed 4.2 hours of time for work performed by Ms. Strait in 2016. The undersigned has determined that an appropriate rate for Ms. Strait's work in 2016 is $300, rather than $306. Thus, petitioner's award is reduced by the resulting difference, **$25.20**. No other reduction is warranted.

### III. Conclusion

The undersigned has determined that an appropriate hourly rate for petitioner's counsel in this case, Ms. Danielle Strait of Maglio, Christopher & Toale, PA is $295 for work performed in 2014-15 and $300 for work performed in 2016. The undersigned finds the costs sought in this case are reasonable and petitioner should be awarded the amount requested to re-open Mr. Woll's estate and manage the compensation awarded.

The undersigned awards the total amount of **$23,042.98**[5] **as follows:**

- **A lump sum of $14,747.60, representing reimbursement for attorneys' fees in the amount of $13,483.50 and attorneys' costs in the amount of $1,264.10, in the form of a check payable jointly to petitioner and petitioner's counsel, Danielle Strait; and**

- **A lump sum of $8,295.38, representing reimbursement for the cost of re-opening Mr. Woll's estate and managing the compensation awarded, in the form of a check payable to petitioner and Ms. Donna Lee Roden.**

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<div style="text-align:right">

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

</div>

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.